PETER KULBABSKY *vs.* NEW ENGLAND TRANSPORTATION COMPANY.

JUNE 27, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of the case, brought in the superior court to recover for personal injuries suffered by the plaintiff in a collision, a little after midnight on May 2, 1941, between a motor bus, being driven westerly on Exchange street in the city of Pawtucket by a servant of the defendant, and an automobile, being driven northerly on Roosevelt avenue and in which the plaintiff was riding as a guest. It is alleged in the declaration that the collision was caused by the negligent operation of the bus by the defendant's operator.

The writ and declaration were filed on May 27, 1941 with damages alleged at $2500. In the declaration the plaintiff included, as to future damages, the allegation that he would be forced to lose great sums of money because of inability to pursue his usual occupation; but there was no allegation as to future pain and suffering.

In a bill of particulars filed by him on July 12, 1941, it was alleged that as a result of the collision he was thrown upwards, hitting his head against the top of the car, and then his head was forced down towards his left shoulder; that he suffered severe headaches, severe pain in his neck, the upper part of his spinal column, and his left shoulder; and that he was unable to move his head very far in any direction. He also alleged that a previously existing hyper-trophic arthritis and spondylitis became aggravated by the injury, producing pain, discomfort and loss of motion of neck muscles.

He further alleged that he had suffered severe pain on trying to move his head, neck and upper dorsal vertebrae for about one month and was still suffering some limitation of motion and some pain upon moving his head and was still suffering some headaches "off and on"; that he had incurred medical bills in the amount of $90; that he was unable to do the work of his regular employment, for which he had been paid about $22 per week; and that he was able to do light work only but could not then find such work.

The first trial of the case resulted in a disagreement of the jury; and the second trial, in October 1943, resulted in a verdict for the plaintiff for $2500. The defendant filed a motion for a new trial, one of the grounds alleged being that the damages were excessive. This ground was sustained by the trial justice's decision, by which he granted the motion, unless the plaintiff, within five days, would remit all of the verdict in excess of $800, and denied the motion in case such remittitur was filed within that period.

The plaintiff did not file such remittitur; and the order for a new trial therefore became absolute. Thereafter the

plaintiff duly filed an exception to this order; and the case is now before us on his bill of exceptions, based solely on this order, and is also before us on a bill of exceptions filed by the defendant.

Five exceptions are set forth in the latter bill of exceptions; but we deem it proper to decide only one of them at this stage of this opinion. That one, the third, was to the denial of the defendant's motion that the jury be directed to return a verdict for the defendant. After examining the evidence on the question whether the plaintiff suffered physical injuries caused by negligent operation of the bus by the defendant's employee in the course of his employment and without contributory negligence by the plaintiff, we are of the opinion that there is no merit in that exception.

A physician testified that he gave medical treatment to the plaintiff twenty times from May 3 to June 25 and examined him once in the latter part of July, when the plaintiff was still having some difficulty and was not in condition to go back to his regular work. The plaintiff then did not have much limitation of motion but was still complaining of pain and might have trouble and pain from the injury for months after that July. He did not have any fracture of a vertebra of the spine, but had some arthritis, of which, the witness said, most persons have some after they attain the age of thirty years, which was about twenty years under the plaintiff's age according to the latter's testimony. This witness gave the plaintiff no treatment at that time and his last memorandum as to the case was that the plaintiff was "much better." The plaintiff's expense for medical services was $85.

According to the plaintiff's own testimony he was unable to work until the fifth of the next month after the accident; he had a headache up to that time, his arm hurt him and he could not "twist" his neck; by June 5 he was able to do light work, but could not find any to do. Later, on cross-examination, he admitted that on the 14th of the month in which he was injured he went back to the company for

which he had been working and asked for light work and was told that they had no such work for him.

He testified that during the latter part of August of that year he secured, with another company, work very similar to that which he had been doing before his injury—and apparently at the same rate of wages—and was still employed in that work at the time of the trial. In his bill of particulars he claimed a loss of wages, from the date of the accident to the time of his reemployment, at the rate of $22 per week. At that rate, for the period during which he was out of employment, his loss was $374; and in the rescript on the defendant's motion for a new trial the trial justice so found.

The plaintiff testified that during the period between May 14 and the latter part of August 1941, he had, sometimes, on change of weather, headache and sore back and pain in his neck; that to the time of the trial he got dizzy sometimes; and that he had a headache, when the weather changed, but not often. The trial justice found that the medical expenses were $85, in accordance with the evidence; and he also found in his rescript, by clear implication, that $341 would, upon the evidence presented, be entirely adequate for the plaintiff's pain and suffering because of his injuries. He therefore found that the total damages sustained by the plaintiff did not exceed $800.

It is well established by opinions of this court that a trial justice would be remiss in the performance of his duty if, after considering the credibility of the witnesses and weighing all the evidence, he should fail to grant a motion for a new trial whenever, in his sound judgment, the verdict of the jury was not supported by a fair preponderance of the evidence and therefore failed to respond truly to the real merits of the controversy. *Nichols* v. *New England Tel. & Tel. Co.*, 57 R. I. 180, at 185, and cases cited therein. This rule applies also to a case, like the instant one, in which the question is whether the damages awarded by the jury are, in the considered judgment of the trial justice, grossly excessive. *Floyd* v. *Turgeon*, 68 R. I. 218, at 231.

In the instant case we cannot find, after examining and considering the evidence in the case and the decision of the trial justice, that his decision was based upon a misconception of the evidence or was otherwise clearly wrong, or failed in any way to be in accordance with the rules above stated. We, therefore, are of the opinion that the exception of the plaintiff to the decision of the trial justice granting the defendant's motion for a new trial should be overruled.

Since the result of the overruling of that exception is that the defendant will be entitled to a new trial of the case upon all issues therein, we see no good reason why any of the exceptions of the defendant, other than its third exception, hereinbefore ruled upon, should be decided or discussed.

The plaintiff's exception and the defendant's third exception are overruled, and the case is remitted to the superior court for a new trial.

*Ernest L. Shein,* for plaintiff.

*William E. Boyle, William J. Carlos,* for defendant.